IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANCE LEE JAMES CASPER,

                Plaintiff,

v.

C.O. THOM-HOUGH,

                Defendant.

OPINION AND ORDER

18-cv-885-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Lance Lee James Casper filed a civil action under 42 U.S.C. § 1983, contending that defendant Thom-Hough, a correctional officer at the Columbia Correctional Institution violated his constitutional rights by giving him the wrong medication. His complaint is before the court for screening under 28 U.S.C. § 1915A. For the reasons below, I conclude that plaintiff's allegations do not support a constitutional claim against defendant. Accordingly, I will dismiss this case.

OPINION

Plaintiff alleges that he is severely mentally ill so his medication is delivered by prison staff. He alleges that on December 7, 2017, defendant C.O. Thom-Hough gave him another inmate's medication in error. Plaintiff states that it "could [have] been life or death for" him because he is allergic to two types of medication.

Plaintiff's allegations implicate the Eighth Amendment. A prison official violates the Eighth Amendment if the official acts with "deliberate indifference" to a "substantial risk of

1

serious harm" to an inmate's health or safety.  Farmer v. Brennan, 511 U.S. 825, 832 (1994). There may be some circumstances in which a prison official's act of administering the wrong medication to an inmate would support an Eighth Amendment claim.  For example, an inmate may state an Eighth Amendment claim if he alleges that a prison official provided the wrong medication intentionally, routinely or with such carelessness that it appeared the official was failing to take reasonable precautions when distributing medications.  On the other hand, a single instance in which a correctional officer grabs the wrong medication card or misreads the correct dosage amount would not support a claim of deliberate indifference.

In this instance, plaintiff's allegations do not suggest that defendant acted with deliberate indifference.  He alleges only that defendant made one error that could have, but apparently did not, harm plaintiff.  These allegations suggest negligence at the most. Because negligence, gross negligence and inadvertent errors are insufficient to state a claim under the Eighth Amendment, Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996), plaintiff has failed to state a constitutional claim.  Therefore, I will dismiss plaintiff's complaint.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Lance Lee James Casper's failure to state a federal claim upon which relief may be granted.  A strike shall be recorded

in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment for defendant C.O. Thom-Hough and close this case.

Entered this 15th day of January, 2019.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge